United States Department of Justice
Office of the United States Trustee
1100 Commerce Street, Room 976
Dallas, TX  75242
(214) 767-1073
Stephen P. McKitt, Trial Attorney
Stephen.McKitt@usdoj.gov
Ohio Bar No. 96017

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **Hoactzin Partners, L.P.** | § | Case No.    19-33545-SGJ-11 |
| | § | |
| | § | |
| | § | |
| **Debtor-in-Possession.** | § | Hearing Date:  TBA |
| | § | Hearing Time:  TBA |

**United States Trustee's Motion to Dismiss or in the Alternative to Convert this Case to a Case under Chapter 7 11 U.S.C. § 1112(b).**

TO THE HONORABLE STACY G. JERNIGAN, UNITED STATES BANKRUPTCY JUDGE:

The United States Trustee for Region 6 moves to dismiss this case, or in the alternative to convert this case to a case under Chapter 7 in accordance 11 U.S.C. § 1112(b). The United States Trustee would show:

**Summary**

Cause exists to dismiss or convert this case because the Debtor has not received the Debtor-in-Possession financing that is necessary for the Debtor to pay insurance premiums, maintain required surety bonds, and pay professionals. Currently, the Debtor has no cash to function as a Debtor-in-Possession and dismissal is warranted.

## Jurisdiction

1. This Court has subject matter jurisdiction under 28 U.S.C. § 1334, 28 U.S.C. § 157(a), and the standing order of reference. A motion to dismiss is a core matter. 28 U.S.C. § 157(b)(2)(A),(O).

## Factual Background and Procedural History

2. This case was filed on October 26, 2019. Hoactzin Partners, L.P. (the "Debtor") is in the oil and gas business.

3. One of the Debtor's first day filings in this case was its *Motion to borrow/incur debt*. (Docket No. 8). In the motion, the Debtor stated that it needed financing to avoid defaulting on financial obligations such as maintenance of surety bonds required by the Bureau of Ocean Energy and Management, insurance premiums, and monthly maintenance of its offshore properties.

4. The Debtor also noted that it was imperative to not default on these financial obligations because of the environmental concerns that are present when dealing with oil wells.

5. On October 29, 2019, the Court granted the Debtor's *Motion to borrow/incur debt* on an interim basis. The Court scheduled a final hearing on the motion for November 20, 2019.

6. At the November 20th hearing, Debtor's counsel informed the Court that the Debtor had not received the financing that had been approved in the *Motion to borrow/incur debt*.

7. Upon information and belief, as of November 27, 2019, the Debtor has still not received the financing.

## Argument

Dismissal or Conversion for Cause under §1112(b)

8. Under section 1112(b), a court "shall convert a case under this chapter to a case under chapter 7 or *dismiss a case* under this chapter, whichever is in the best interests of creditors and the estate" if the movant establishes "cause" for dismissal or conversion, absent unusual circumstances. 11 U.S.C. § 1112(a)(2), (b)(1) (emphasis added).

9. Section 1112(b)(4) establishes sixteen instances that constitute "cause" for dismissal in a bankruptcy case. 11 U.S.C. § 1112(b)(4)(A)-(P). While it may be comprehensive, "the list is nonexclusive." In re Orchard at Hansen Park, LLC, 347 B.R. 822, 825 (Bankr. N.D. Tex. 2006).

<u>The Debtor does not have DIP financing and therefore has no Likelihood of Reorganization</u>

10. Under 11 U.S.C. § 1112(b)(4)(A) of the Code, cause exist to dismiss a case if there is a "substantial or continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation."

11. The Debtor currently does not have cash to: (A) pay insurance premiums; (B) maintain required surety bonds; (C) perform maintenance on its offshore properties; (D) pay United States Trustee fees; (E) pay professionals; or (F) effectively prosecute a Chapter 11 bankruptcy case. These circumstances result in the Debtor having no reasonable likelihood of reorganization.

<u>Alternatively, this case should be converted to a case under chapter 7.</u>

12. If the Court finds that dismissal of this case is not in the best interests of the creditors and the estate, the foregoing cause warrants conversion of this case to a case under chapter 7. 11 U.S.C. § 1112(b)(2).

## **Conclusion**

Wherefore, the United States Trustee respectfully requests that the Court enter an order dismissing this case or convert this case to a case under chapter 7, and grant such further relief as is just and proper.

Document    Page 4 of 5

DATED: November 27, 2019               Respectfully submitted,

                                            WILLIAM T. NEARY
                                            UNITED STATES TRUSTEE

                                            /s/ Stephen P. McKitt
                                            Stephen P. McKitt
                                            Trial Attorney
                                            Ohio Bar No. 96017
                                            Office of the United States Trustee
                                            1100 Commerce Street, Room 976
                                            Dallas, Texas  75242
                                            (214) 767-1073
                                            Stephen.McKitt@usdoj.gov

Certificate of Conference

Under Local Bankruptcy Rule 9013.1 and Local District Rule 7.1, no conference is required before filing this motion.

                                                               */s/ Stephen P. Mckitt*
                                                                Stephen P. McKitt

Certificate of Service

I certify that I sent copies of the foregoing document on November 27, 2019 via first-class, United States mail, postage prepaid or via EFC, to the following:

**Hoactzin Partners, L.P.**
2406 Vanderbilt Court
Rowlett, TX 75088

**Hudson M. Jobe**
Quilling, Selander, Lownds, et al
2001 Bryan Street, Suite 1800
Dallas, TX 75201
(214) 871-2100
(214) 871-2111 (fax)
hjobe@qslwm.com

**Fieldwood Energy LLC**
c/o Robert L. Paddock
Buck Keenan LLP
2229 San Felipe, Suite 1000
Houston, TX 77019
713-225-4500
rpaddock@buckkeenan.com

**Omimex Petroleum, Inc.**
c/o Robert L. Paddock
Buck Keenan LLP
2229 San Felipe, Suite 1000
Houston, TX 77019
713-225-4500
713-225-3719 (fax)
rpaddock@buckkeenan.com

**Republic Helicopters, Inc.**
c/o William R. Sudela
Crady Jewett McCulley & Houren LLP
2727 Allen Parkway, Suite 1700
Houston, tx 77019-2125
713.739.7007
713.739.8403 (fax)
wsudela@cjmhlaw.com

**Archrock Partners Operating LLC**

9807 Katy Freeway, Ste. 100

Houston, TX 77024

**Kevin M. Maraist**

Anderson, Lehrman, Barre & Maraist, LLP

1001 Third Ste., Ste. 1

Corpus Christi, TX 78404

(361) 884-4981

(361) 884-1286 (fax)

kmaraist@albmlaw.com

**Continental Land & Fur Co., Inc.**

**Andrew A. Braun**

Gieger Laborde & Laperouse, LLC

One Shell Square

701 Poydras Street, Ste. 4800

New Orleans, LA 70139

(504) 561-0400

(504) 561-1011 (fax)

abraun@glllaw.com